UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARJORIE A. BROOKS,

       Plaintiff,

   v.

LEONARD J. FOGLIO, et al.,

      Defendants.

HONORABLE JOSEPH E. IRENAS

CIVIL ACTION NO. 13-2504
(JEI/JS)

**OPINION**

**APPEARANCES:**

LAW OFFICE OF W. CRAIG KNAUP, PC
By:  W. Craig Knaup
Executive Building
900 Haddon Ave., Ste. 206
Collingswood, NJ 08108
      Counsel for Plaintiff

LAW OFFICES OF JONATHAN WHEELER
By:  Jonathan Wheeler
1617 JFK Boulevard, Ste. 1720
Philadelphia, PA 19103
      Counsel for Defendants Molette and All Property
      Adjustment Services, Inc.

MCMAHON, MARTINE & GALLAGHER, ESQS.
By:  Patrick W. Brophy
55 Washington St., Ste. 720
Brooklyn, NY 11201

and

NIELSEN, CARTER & TREAS, LLC
By:  Gerald J. Nielsen
3838 North Causeway Boulevard, Suite 2850
Metairie, Louisiana 70002
      Counsel for Defendants Colonial Claims Corporation,
      David Brush, and Ron Eubanks

**IRENAS**, Senior District Judge:

Plaintiff Marjorie Brooks initiated this action against Defendants Leonard J. Foglio, Jr. and Foglio's Handyman and Carpentry Services, LLC (the "Foglio Defendants"); Dennis R. Molette and All Property Adjustment Services, Inc. (the "Molette Defendants"); and David Brush, Ron Eubanks and the Colonial Claims Corporation (the "Colonial Claims Defendants") by filing a Complaint in the Superior Court of New Jersey, Cape May Divison, on March 13, 2013. (Not. of Removal, at 1.) The Colonial Claims Defendants filed a Notice of Removal with this Court on April 18, 2013 (Dkt. No. 1), and a Motion to Dismiss (Dkt. No.3) a week later. The Court, *sua sponte*, issued an Order to Show Cause why this Matter Should not be Remanded to State Court (Dkt. No. 5), and, subsequently, Plaintiff filed her own Motion to Remand (Dkt. No. 7). Plaintiff also asks the Court to award attorneys' fees and costs on the ground that the Colonial Claims Defendants' lacked an objectively reasonable basis for removal. Oral argument was held on June 18, 2013, at 3 PM. For the reasons discussed below, the Plaintiff's Motion to Remand is granted, and the Court's Order to Show Cause is discharged. Plaintiff will not be awarded attorneys' fees and costs.

### I.

In what is almost certainly the first lawsuit of its kind,

Plaintiff Marjorie Brooks alleges that her insurance company paid her too much money after her home was damaged by Hurricane Sandy. The Court thus takes judicial notice of the following facts: pigs can fly and hell has frozen over.

On October 29, 2012, Plaintiff's home sustained flood damage as a result of Hurricane Sandy. (Am. Compl. ¶ 12.) Plaintiff had flood insurance pursuant to the National Flood Insurance Program ("NFIP"). (Pl.'s Mot. to Remand, at 3.) Plaintiff's flood insurance policy was a Standard Flood Insurance Policy ("SFIP") issued by Fidelity National Indemnity Insurance Company ("Fidelity"). (*Id.*)

After Hurricane Sandy, Plaintiff made a flood loss claim to Fidelity. Plaintiff hired a public adjuster, namely, Dennis Molette of All Property Adjustment Services, Inc., to handle the details of the flood damage claim. (Am. Compl. ¶ 14.) Additionally, the Colonial Claims defendants were hired by Fidelity to adjust Plaintiff's claim. (Pl.'s Mot. to Remand, at 4.) At oral argument, Plaintiff's attorney stated that the adjusters valued the damage to Plaintiff's home at $80,000.00, and Plaintiff accepted this amount from Fidelity. (Oral Argument at 6:4-7, June 18, 2013.)[1]

_____

[1] In fact, at oral argument, the Colonial Claims Defendants actually argued the damage may even have been more than $80,000 because of a supplemental claim filed with Fidelity by the Colonial Claims Defendants. (Oral Argument at 8:8-12, June 18, 2013.)

Plaintiff hired the Foglio Defendants to handle the repairs to her home.  (Am. Compl. ¶¶ 15-20.)  Plaintiff alleges that the Foglio Defendants ultimately walked off the job, leaving an enormous amount of debris both inside and outside of Plaintiff's home, as well as an extensive amount of work in various stages of incompleteness.  (*Id*. ¶ 20.)

Plaintiff filed her Complaint in the Superior Court of New Jersey, Cape May Division, alleging causes of action sounding in contract, fraud, and negligence against all defendants.  (*See generally id*.)  As to the Molette Defendants and the Colonial Claims Defendants, Plaintiff alleges not that there was an underpayment of the policy, but rather an "overpayment by fraud." (Pl.'s Mot. to Remand, at 4.)  At oral argument, Plaintiff's attorney stated his client's view that the damage to Plaintiff's home only totaled approximately $5,000.  (Oral Argument at 15:5-8.)  Fidelity is not a party to this lawsuit.

On April 18, 2013, the Colonial Claims Defendants removed the action to this Court (Dkt. No. 1).  They did not receive consent for removal from the Foglio Defendants or the Molette Defendants.  The Molette Defendants have filed a letter with the Court stating their position that the matter should be remanded. (Dkt. No. 18.)

On April 25, 2013, the Colonial Claims Defendants filed a Motion to Dismiss.  (Dkt. No. 3.)  On April 26, 2013, the Court

issued an Order to Show Cause Why the Matter Should not be Remanded to State Court. (Dkt. No. 5.) Shortly thereafter, Plaintiff filed her own Motion to Remand, in which she also asked the court to award attorneys' fees and costs. (Dkt. No. 7.)

## II.

In the instant case, it is undisputed that Fidelity issued the flood insurance policy to the Plaintiff pursuant to the NFIP. "The NFIP is a federally supervised and guaranteed insurance program presently administered by the Federal Emergency Management Agency ("FEMA") pursuant to the" National Flood Insurance Act (the "NFIA") and corresponding regulations. *Van Holt v. Liberty Mut. Fire Ins. Co.*, 163 F.3d 161, 165 (3d Cir. 1998); *see also* 42 U.S.C. § 4001 *et seq.*; 44 C.F.R. §§ 59.1-77.2.

Initially, a pool of private insurance companies issued flood insurance policies and administered the SFIP pursuant to a contract with the United States Department of Housing and Urban Development ("HUD"). *Van Holt*, 163 F.3d at 165. This system is referred to as Part A. *Id.*

In 1978, HUD ended its contractual relationship with the private insurers, and established Part B. *Id.* Under Part B, FEMA began administering the NFIP. *Id.* In 1983, FEMA created the "Write Your Own" ("WYO") program, *see* 44 C.F.R. §§ 62.23-.24, which allowed private insurance companies to write their own

5

insurance policies, *id.* These WYO companies then "directly issue federally underwritten SFIPs to the public, and may hire subcontractors or insurance adjustment organizations to investigate and adjust claims made under a SFIP." *Moore & Moore Trucking, LLC v. Beard*, 2013 WL 828344, at *3 (E.D. La. 2013). In the instant case, the SFIP was issued pursuant to Part B, and Fidelity is the WYO company.

Regardless of whether FEMA or a WYO company issues a flood insurance policy, the United States treasury funds pay off the insured's claim. *Van Holt*, 163 F.3d at 165. Further, WYO companies have "no authority to alter, vary, or waive any SFIP provision." *Moore & Moore Trucking*, 2013 WL 828344, at *3.

In regard to lawsuits against FEMA and WYO companies, 42 U.S.C. § 4072 ("§ 4072") provides in relevant part:

> [U]pon the disallowance by the Administrator [of FEMA] of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant . . . may institute an action against the Administrator on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.

Further, Article IX of the SFIP ("Article IX") states that "[t]his policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act . . . and Federal common law." 44 C.F.R. pt. 61,

6

App. A(1), Art. IX.

Although § 4072 on its face only applies to lawsuits against the Administrator of FEMA, the Third Circuit has held that § 4072 also applies to suits against WYO companies. *See Van Holt*, 163 F.3d at 167 ("Therefore, we now hold that 42 U.S.C. § 4072 vests district courts with original exclusive jurisdiction over suits by claimants against WYO companies based on partial or total disallowance of claims for insurance arising out of the National Flood Insurance Act.").

Further, courts in this circuit and elsewhere have held on the basis of § 4072 and Article IX that the NFIA preempts state law claims against WYO insurance companies and the adjusters they hire. *See e.g. C.E.R. 1988 v. Aetna Cas. and Sur. Co.*, 386 F.3d 263, 268 ("The reasoning of our decision in *Van Holt* compels the conclusion that state-law claims are preempted by the NFIA."); *Moore & Moore*, 2013 WL 828344, at *5 ("Considering the Fifth Circuit precedent that expressly holds that federal law preempts all state law claims against WYO insurance companies, and the case law progeny that extends preemption to claims against adjusters, the Court finds the plaintiff's claims are preempted in this case if they arise from the handling of a claim under the NFIP."); *Pepe v. Fidelity Nat. Property and Cas. Ins. Co.*, 2011 WL 4916290, at * 5 (D.N.J. 2011) (stating that "extra-contractual and negligence claims are barred against all persons involved in

7

the claims adjustment process"); *Sutor v. F.E.M.A.*, 2009 WL
2004375, at *5 (E.D. Pa. 2009) ("[W]e conclude that the language
of the regulation stating that disputes arising from the handling
of SFIPs are governed 'exclusively' by FEMA serves to expressly
preempt state law claims.").

## III.

## A.

The issue in the instant case is whether this Court has
jurisdiction pursuant to 28 U.S.C. § 1441 ("§ 1441"), the removal
statute.  The Colonial Claims Defendants, as the parties
asserting jurisdiction, have the burden of demonstrating that
removal jurisdiction is proper.  *Samuel-Bassett v. Kia Motors
Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).  The question is one
of statutory interpretation.  *See Shamrock Oil & Gas Corp. v.
Sheets*, 313 U.S. 100, 103 (1941).  The removal statute must be
strictly construed against removal.  *Id.* at 108.

Section 1441(a) states:

> Except as otherwise expressly provided by Act of
> Congress, any civil action brought in a State
> court of which the district courts of the United
> States have original jurisdiction, may be removed
> by the defendant or the defendants, to the
> district court of the United States for the
> district and division embracing the place where
> such action is pending.

Additionally, 28 U.S.C. § 1446(b)(2)(A) states that "[w]hen
a civil action is removed solely under section 1441(a), all

8

defendants who have been properly joined and served must join in or consent to the removal of the action." Remand is appropriate in cases where all defendants have not consented to removal. *See American Asset Finance LLC v. Corea Firm*, 821 F. Supp. 2d 698, 699 (D.N.J. 2011). However, a violation of the unanimity rule is a procedural, not a jurisdictional, defect that is waived if not objected to within thirty days after removal. *See* 28 U.S.C. § 1447(c); *Calloway v. Boro of Glassboro Dept. of Police*, 89 F. Supp. 2d 543, 549 n.13 (D.N.J. 2000).

**B.**

The instant case, on its face, involves only causes of action sounding in state law, such as breach of contract, negligence and fraud, and there is no diversity of citizenship. Nonetheless, the Colonial Claims Defendants argue that § 4072 vested this Court with original, exclusive jurisdiction, and therefore the case is removable under § 1441. (*See* Def.'s Mem. in Opp., at 7-10.) In support of this argument, the Colonial Claims Defendants rely on cases which hold that state law claims brought against an adjuster are preempted by federal law.

This argument is unavailing for three reasons. First, it fails to recognize the difference between preemption and jurisdiction. Preemption means that any state law which conflicts with or interferes with federal law is invalid. *See Farina v. Nokia*, 625 F.3d 97, 115 (3d Cir. 2010). Jurisdiction,

9

in contrast, refers to "a court's power to hear a case." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Therefore, that state law claims against adjusters are preempted by the National Flood Insurance Act does not mean that § 4072 vests district courts with original jurisdiction over those claims. Instead, it means that any court confronting such a claim must dismiss it as preempted.[2]

For example, in *Pepe*, unlike in the instant case, the plaintiff sued both the WYO company and the adjuster. 2011 WL 4916290, at *1. Section 4072 provided jurisdiction over the claim against the WYO company. *See id*. at *5. The complaint asserted supplemental jurisdiction over the claims against the adjuster. (Complaint at ¶ 7, *Pepe v. Fidelity*, 2011 WL 4916290 (No. 11-3746)). Nowhere did this Court hold that § 4072 provided jurisdiction over the claims against the adjuster. Instead, this Court dismissed the claims against the adjuster as preempted. *Pepe*, 2011 WL 4916290, at *5-*6.

The Colonial Claims Defendants' reliance on § 4072 is misplaced for a second reason. Even *assuming arguendo* § 4072

---

[2]  Although the Court explains that preemption does not equate to jurisdiction under § 4072, the Court does agree with the Colonial Claims Defendants that state law causes of action against persons involved in the claims adjustment process are preempted by federal law. *See Pepe*, 2011 WL 4916290, at *5-*6. Thus, if the Court were to find that removal were proper in this case, it would dismiss the claims against the Colonial Claims Defendants.

provided this court with jurisdiction over a case where the adjuster was sued, but not the WYO company, § 4072 is plainly limited to cases involving the "disallowance" of a claim, or the "refusal of the claimant to accept the amount" offered. 28 U.S.C. § 4072. The instant case concerns neither disallowance nor refusal to accept, but rather overpayment. Although the Court is aware of the possibility that Congress would have included overpayment within § 4072 if it ever thought a claimant would sue for receiving too much money, the fact remains that the language of § 4072 is clear, and does not provide jurisdiction over claims for overpayment.

Lastly, the Colonial Claims Defendants' reliance on § 4072 is misplaced because, even if § 4072 applied to the instant case, the procedure for removal was improper. It is undisputed that the Molette and Foglio defendants did not consent to removal in the instant case, which violates the unanimity rule described in 28 U.S.C. § 1446(b)(2)(A). In addition, Plaintiff objected to this procedural defect within thirty days. (Pl.'s Mot. to Remand, at 15.) Thus, this Court must remand the case to state court. *See American Asset Finance LLC,* 821 F. Supp. at 699.

The Colonial Claims Defendants argue that unanimous consent is not required because 28 U.S.C. § 1441(c) ("§ 1441(c)") provides an exception to the unanimity rule that applies in this case. (Def.'s Br. in Opp., at 17-18.) Section 1441(c) states

that:

> (1) If a civil action includes--
>
>   (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>
>   (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
>
> (2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

In further support of their argument that the unanimity rule does not apply, the Colonial Claims Defendants point to the Eastern District of Pennsylvania's unpublished decision in *Moore v. City of Philadelphia*, 2012 WL 3731818 (E.D. Pa. 2012). In *Moore*, Judge Buchwalter found that § 1441(c) excused the unanimous consent requirement in a case where the plaintiff asserted federal claims against one defendant and only state law claims over which the district court had supplemental jurisdiction against the other defendants. 2012 WL 3731818, at *4 and n.1.

If § 4072 provides federal jurisdiction over the Colonial Claims Defendants, the posture in the instant case is identical

to the posture in *Moore* in that only state law claims over which this Court has supplemental jurisdiction were asserted against the Foglio and Molette Defendants.  Nonetheless, the Court disagrees with the reasoning in *Moore* and finds that unanimous consent is required.

Section 1441(c)(1) outlines the type of civil actions to which § 1441(c) applies; specifically, actions which involve a claim arising "under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1441(c)(1)(A), and also a claim "not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute," 28 U.S.C. § 1441(c)(1)(B).  Under § 1441(c)(2), only defendants against whom a claim arising under the "Constitution, laws or treaties of the United States" has been asserted need to consent to removal "under paragraph (1)."  In the instant case, removal cannot be "under paragraph (1)" because, as the Colonial Claims Defendants admit, the Court would have supplemental jurisdiction over the Foglio and Molette defendants if it had original jurisdiction over the Colonial Claims Defendants.  (Not. of Removal ¶ 41-42.)  Therefore, the exception to the unanimity rule provided in § 1441(c) does not apply to the instant case and the case must be remanded because of the Colonial Claims Defendants' failure to secure the consent of the Foglio and Molette

Defendants.[3]

**C.**

In addition to § 4072, the Colonial Claims Defendants also argue that this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 ("§ 1331").  Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  The Colonial Claims Defendants argue that § 1331 applies for a number of reasons.  First, they note that the case involves a SFIP, which itself is codified at 44 C.F.R. Pt. 61, App. A(1).  (Def.'s Br. in Opp., at 10.)  Second, they note that Congress has delegated to FEMA the authority to set the rules that govern NFIP claims, and that the Article IX of the SFIP states that "all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act

<hr/>

[3]  Even though § 4072 provides for exclusive jurisdiction in the federal courts, this does not create an exception to the unanimity rule.  *See Brady v. Lovelace Health Plan*, 504 F. Supp. 2d 1170, 1173 (D.N.M. 2007) (stating that "28 U.S.C. § 1446 does not waive the unanimity requirement in cases of purported exclusive jurisdiction, and the vast majority of cases also do not recognize such an exception).  While it may seem illogical to remand to state court in situations where the district court has exclusive jurisdiction, the appropriate remedy is not for the district court to ignore the mandates of the removal statute, but for the state court to dismiss the claim for lack of jurisdiction.  It also bears repeating that in the instant case the Court has not held that it has original, exclusive jurisdiction under § 4072; but rather that even if it did have such jurisdiction, the removal procedure was improper.

14

. . . and Federal common law." (*See id.*, at 11).  In support of this argument, the Colonial Claims Defendants cite to *Moore & Moore Trucking*, in which the Eastern District of Louisiana held that Section 1331 provided original jurisdiction over a claim against an adjuster because in such a claim "the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law."  2013 WL 828344, at *6-7 (E.D. La. 2013).  Lastly, the Colonial Claims Defendants again point to cases holding that state law claims are preempted by the NFIA to show that resolution of this case involves a substantial question of federal law.  (Def.'s Br. in Opp., at 13-14.)

Although the Court finds the arguments for jurisdiction under § 1331 may have more merit than the arguments for jurisdiction under § 4072, the Court does not need to reach the question of whether § 1331 would confer this Court with original jurisdiction.  As explained above, the procedure for removal in this case was improper because the Colonial Claims Defendants did not secure the consent of the Foglio Defendants or the Molette Defendants.  Therefore, even if § 1331 provided this Court with jurisdiction, remand would still be appropriate.[4]

---

[4]  The Court is aware that in their Notice of Removal, the Colonial Claims Defendants also assert that this Court has original jurisdiction pursuant to 28 U.S.C. § 1337, which states that "[t]he district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies."  Because the Colonial Claims

**IV.**

In her Motion to Remand, Plaintiff asks the Court to award attorneys' fees and costs incurred as a result of the defective removal. (Pl.s' Br. in Supp. of Mot. to Remand, at 16.) Under 28 U.S.C. § 1447(c) ("§ 1447(c)") the Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." However, "absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

The Colonial Claims Defendants' arguments for removal under § 1331 may have had merit if not for a procedural defect in the removal process which required this Court to remand the case. Therefore, it cannot be said that the Colonial Claims Defendants "lacked an objectively reasonable basis for seeking removal." *Id*. Therefore, attorneys' fees and costs will not be awarded.

---

Defendants have not cited to one case holding that § 1337 applies to the NFIA and have not relied on § 1337 in their "Memorandum in Opposition to Plaintiff's Motion to Remand and the Court's Order to Show Cause," the Court does not address § 1337 in the body of this Opinion. However, as with § 1331, even if § 1337 did provide this Court with original jurisdiction, remand would still be appropriate because of the Colonial Claims Defendants' failure to obtain consent of all defendants.

**V.**

For the foregoing reasons, Plaintiff's Motion to Remand is hereby granted, Plaintiff's request for attorney's fees and costs is denied, the Colonial Claims Defendants' Motion to Dismiss is denied as moot, and the Court's Order to Show Cause is discharged.  An appropriate Order will accompany this Opinion.


Dated: July __2__, 2013          __s/Joseph E. Irenas_____

                                 **Joseph E. Irenas, S.U.S.D.J.**